**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arturo Gamez-Villagrana, | No. 07-1550-PHX-SMM (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, | |
| Respondent. | |

Petitioner, presently incarcerated in the federal Detention Center at Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 10, 2007 (Doc. 1), challenging his continued detention during his immigration proceedings. On November 19, 2007, Respondents filed their Response. (Doc. 11.) Petitioner filed a Reply on January 18, 2008. (Doc. 16.) The Petitioner's Petition is now ripe for consideration. Accordingly, the Magistrate Judge Jay R. Irwin made proposed findings of fact,[1] report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure. The Court will now consider Magistrate Judge Irwin's Report and Recommendation (Doc. 19.), as well as the Objections (Doc. 20), Response (Doc. 21), and Reply (Doc. 22) in support of the Objections.

///

---

[1] For detailed factual and procedural history, see Doc. 19, § II.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. *See* 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which Objections are filed and for clear error for those facts to which no Objections are filed. *Id.*; Local Rule 1.15(b); *see also Barilla v. Ervin*, 886 F.2d 1514 (9th Cir. 1989) (failure to file objections relieves the district court of conducting de novo review of the magistrate's factual findings).

**DISCUSSION**

It is the Respondent's contention that this Court should reject the Report and Recommendation of the Honorable Magistrate Judge and deny the petition on the grounds that Petitioner's removal is in fact imminent and foreseeable.

On September 20, 2005, Petitioner filed a petition for review with the Ninth Circuit Court of Appeals (*Gamez-Villagrana v. Mukasey*, Case No. 05-75441), and on August 2, 2007, the Ninth Circuit Court of Appeals ruled that the petition for review was to be held in abeyance pending the case being transferred to the District Court of Arizona for a *de novo* hearing concerning the question of citizenship. The case was then transferred to the District of Arizona as *Gamez-Villagrana v. Mukasey*, CV-07-1519-PHX-FJM (D. Az.), and set for a full evidentiary hearing for June 10, 2008.

On June 10, 2008, the District Court of Arizona held the full evidentiary hearing for *Gamez-Villagrana v. Mukasey*, in which District Court Judge Martone was charged with the task of determining Petitioner's claims of U.S. derivative citizenship.[2] After both sides presented their respective cases at the hearing, Judge Martone found that Petitioner had **not** met his burden to establish citizenship under 8 U.S.C. § 1409(c) and 8 U.S.C. § 1401(g). *See* June 10, 2008 Order.

Pursuant to Judge Martone's Order, the clerk of the district court entered final

---

[2] The information introduced at the full evidentiary hearing held before Judge Martone was not available to Judge Irwin at the time his Report and Recommendation was entered.

- 2 -

1  judgment in favor of Respondent and against Petitioner. *See id.* at 2.  Petitioner's claim of
2  citizenship is the sole issue of his Petition for Review.  In Petitioner's Opening Brief, he
3  states that the only issue for the Ninth Circuit Court of Appeals to decide is: "Was there
4  substantial evidence to support the factual findings of the [Immigration Judge's] . . . decision
5  that [Petitioner] failed to establish acquired citizenship under the [Immigration and
6  Nationality Act] where credible [evidence] . . . demonstrated that [Petitioner's] mother was
7  physically present in the United States" for the required amount of time. *See* Petitioner's
8  Opening Brief at 1. This issue has been determined, therefore the Petition for Review is now
9  resolved.  As a result of these developments, removal of the Petitioner is both foreseeable and
10 imminent.[3]  Petitioner's citizenship claim has been resolved, eliminating the sole remaining
11 issue of his Petition for Review. Consequently, the Respondent argues that Petitioner's
12 removal proceedings will soon be brought to a close, and the Respondent's continued
13 detention of Petitioner is fully justified.  This Court agrees and takes judicial notice of Judge
14 Martone's findings.

15    Accordingly,

16    **IT IS HEREBY ORDERED DENYING** Magistrate Judge Irwin's Report and
17 Recommendation. (Doc. 19.)

18    **IT IS FURTHER ORDERED DENYING** Petitioner's Petition for Writ of Habeas
19 Corpus.  (Doc. 1.)

20    DATED this 21st day of July, 2008.

Stephen M. McNamee
United States District Judge

---

[3] For an analysis regarding "imminent and foreseeability," *see* docket 19.

- 3 -